**In re: ALLIANZ LIFE INSURANCE CO. OF NORTH AMERICA DEFERRED ANNUITY MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 1884.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 10, 2007.

1. The Panel has been notified of one additional related action, pending in the Northern

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in two actions pending in the Central District of California have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of those two actions and three other actions pending in the Eastern District of Arkansas, the Southern District of California, and the District of Minnesota, respectively, as listed on Schedule A.[1] Common defendant Allianz Life Insurance Co. of North America (Allianz) and plaintiffs in the three other actions all oppose centralization. In the alternative, Allianz

District of Mississippi.

and plaintiffs in the action pending in the District of Minnesota advocate centralization in that district.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Four of the five actions in this docket are at a significantly advanced stage. Classes have been certified in those four actions, and fact discovery has been completed (or is nearing completion) in three of them. The fifth action, pending in the Eastern District of Arkansas, has been stayed pending the resolution of the two Central District of California actions. The proponents of centralization have failed to convince us that any remaining and unresolved common questions of fact among these five actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize the possibility that any yet-to-be completed discovery might be duplicative or that rulings on any outstanding pretrial issues might be inconsistent. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these five actions is denied.

### SCHEDULE A

*MDL-1884-In re Allianz Life Insurance Co. of North America Deferred Annuity Marketing and Sales Practices Litigation*

 *Eastern District of Arkansas*

 Harold C. Jones, et al. v. Allianz Life Insurance Co. of North America, C.A. No. 4:07–145

*Central District of California*

Vida F. Negrete, etc. v. Allianz Life Insurance Co. of North America, C.A. No. 2:05–6838

Carolyn B. Healey v. Allianz Life Insurance Co. of North America, C.A. No. 2:05–8908

*Southern District of California*

Anthony J. Iorio, et al. v. Asset Marketing Systems, Inc., et al, C.A. No. 3:05–633

*District of Minnesota*

Linda L. Mooney, et al. v. Allianz Life Insurance Co. of North America, C.A. No. 0:06–545